PER CURIAM.
The order determining that the appellant is liable to pay to the appellee a receiver’s fee in the amount of $65,000 is reversed because there is no substantial competent evidence to support an award in that amount. The evidence adduced below shows that the receiver’s services in connection with the property in question (consisting of 37 condominium units) were basically administrative. During his tenure of slightly more than a year, the average number of units occupied monthly was six, with a maximum of ten being occupied in one of the months. The receiver conducted a one-time inventory and inspection of the units, attended some association meetings, paid out about $20,000 in operating expenses and deposit refunds, and collected some $70,000 — $5,000 more than his fee— in rent and deposits. The substantial portion of the administration and management of the units was performed by the receiver’s hired assistant, an employee paid by the hour; the substantial portion of other services was performed by the receiver’s attorney, who, too, has been separately compensated.
In sum, this record reflects that the receiver did little to improve the rental prospects of the property and conducted a passive — to put it euphemistically — receivership. We acknowledge, however, that this unremarkable performance could be attributable to circumstances other than the receiver’s lack of effort and that lackluster *1145 results could obtain notwithstanding herculean efforts by the receiver. Unfortunately, there is nothing in this record to show how much time the receiver devoted to the project, and thus, the award cannot be justified on that basis.
Accordingly, the award is reversed, and it is directed that the award be modified to $25,000, a figure which the appellant suggests the record, viewed generously, will support.[1]
Reversed with directions.

. A management fee for administration of the subject units apparently would be fifteen percent of $70,000 or $10,500. The appellant recognizes that some allowance should be made for the receiver’s additional efforts and that judicially-ordered receiverships entail more work than commercial management.